FILED
VANESSA L. ARMSTRONG, CLERK

DEC 23 2014

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

vs.

INFORMATION

NO. 3:14 mj-623

21 U.S.C. §§ 331(a), 333(a), 352

**MARK HEINICKE**

The United States Attorney Charges:

## COUNT 1

1. Beginning in or about December 2010, and continuing until at least May 2012, in the Western District of Kentucky, Louisville, Kentucky, **MARK HEINICKE**, caused the introduction and delivery for introduction into interstate commerce of drugs, within the meaning of the Federal Food, Drug, and Cosmetic Act (FDCA), which were misbranded, in one or more of the following ways:

   A. Within the meaning of Title 21, United States Code, Section 352(c), in that their label or labeling was not in such terms as to render them likely to be read and understood by the ordinary individual under customary conditions of purchase and use in that the labeling was not in the English language; and

   B. Within the meaning of Title 21, United States Code, Section 352(f)(1), in that their labeling failed to comply with the stringent requirements of the FDCA and related regulations promulgated by the United States Food and Drug Administration (FDA) in that it failed to bear adequate directions for use. A drug may therefore be misbranded even if it is

identical in composition to an FDA-approved drug (that is a drug labeled and packaged in compliance with the FDA's standards) and even if it was made by the same manufacturer in the same facility as the FDA-approved version.

2. **HEINICKE** purchased and received the following drugs: Synvisc, Aclasta, Actemra, Prolia, Remicade, and Rituxin from foreign-based drug distributor located in the United Kingdom between December 2010 and May 2012. All of these drugs purchased by **HEINICKE** originated outside the United States and were never approved by the FDA for introduction into the United States.

3. Between December 2010 and May 2012, **HEINICKE** in the Western District of Kentucky caused the introduction into interstate commerce of prescription drugs that were misbranded that they lacked adequate directions for use; that is, they did not bear labeling indicating the drugs had been approved by the FDA for use.

In violation of Title 21, United States Code, Sections 331(a), 333(a)(1), 352(c), and 352(f)(1).

_____
JOHN E. KUHN, JR.
ACTING UNITED STATES ATTORNEY

JEK:LJW:cd:20141113

UNITED STATES OF AMERICA v. **MARK HEINICKE**

**PENALTIES**

Count: NM 1 yr./$10,000/both/NM 1 yr. Supervised Release

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:
Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN:
Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO:
Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH:
Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.